RANKIN, Respondent, vs. TAX COMMISSION and others, Appellants.

*April 10—May 7, 1940.*

For the appellants there was a brief by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Nash & Nash,* and oral argument by *A. F. Rankin* and *Edward L. Kelley,* all of Manitòwoc.

NELSON, J. In his amended income tax return for the year 1930, the respondent, A. P. Rankin, claimed a deduction of $14,075 as a loss asserted to have been sustained on stock of Maritime Securities Company. That deduction, when added to his other deductions, exceeded his total gross income in the amount of $2,584.14. He therefore paid no tax on income received by him in 1930. Some time thereafter a field investigation was made of his books and records for the years 1929 to 1934, inclusive. Several adjustments were made of the income reported by the respondent for those years, the principal adjustment being the disallowance of the deduction taken by the taxpayer in 1930 in the amount of $14,075. During the years involved herein, the three-year-average system of assessments was in effect. Sec. 71.10 (1) (a), Stats. 1929, and sec. 71.10 (1m) (a), Stats. 1931. Rankin's additional income arising from the disallowance, among other things, of the $14,075 deduction taken in 1930 had the effect of increasing his normal taxes and teachers' retirement fund surtaxes assessable in 1931, 1932, and 1933. Following said field investigation, the assessor of incomes, on July 27, 1936, gave notice to Rankin of an additional assessment of income for the years 1929 to 1934. On August 5, 1936, Rankin filed objections to the additional assessment and requested a hearing thereon. Thereafter, and prior to the requested hearing, Rankin and the assessor of incomes entered into a stipulation in which it was agreed that the adjustments shown in the auditor's report attached to the notice of additional assessment, was proper and valid, except that Rankin expressly reserved the right to contest the timeliness of the additional assessment as applied to the years 1929 and 1930. On February 8, 1938, a hearing was had before the board of review. At that hearing Rankin's ob-

jections to the timeliness of the additional assessment, in so far as it included income for the year 1929, was withdrawn, leaving the question for determination by the board whether the additional assessment of income for the year 1930 was timely. On February 23, 1938, the board of review decided that in 1936, when the notice of additional assessment was given to Rankin, his income for the year 1930 was not open to audit and correction and therefore the assessor of incomes was without authority in 1936 to make an additional assessment for the year 1930. The assessor duly appealed to the Tax Commission for a review of the determination of the board of review. On March 4, 1938, while the proceeding was pending before the Tax Commission, the assessor gave Rankin a new notice of the same proposed additional assessment of income for the years 1929 to 1934, inclusive, in pursuance of the provisions of sec. 71.115 (1) (a), Stats., as enacted by the legislature at its special session held in 1937. The purpose of that notice was to bring the proposed additional assessment within the operative scope of that law. No objections or requests for hearing were apparently made by Rankin in response to the notice of March 4, 1938. On June 16, 1939, the Tax Commission made its decision holding that under the notice of March 4, 1938, the proposed additional assessment of income for the years mentioned was timely and authorized and therefore reversed the decision of the board of review. Thereafter, Rankin appealed to the circuit court. The circuit court held that the notice of March 4, 1938, was not properly a part of the record before the court and was therefore of no effect, and further held, that in 1936, when the first notice of additional assessment was given, Rankin's income for the year 1930 was no longer open to audit. Judgment was accordingly entered on December 7, 1939, canceling and annulling the additional assessment and reversing the decision of the Tax Commission in so far as it included the income received by Rankin for the year 1930.

The only question before us is whether the additional assessment or correction of Rankin's income for the year 1930 was made within the time permitted by law. That question involves two subordinate questions: (1) Should the circuit court have given consideration to the notice of March 4, 1938, regardless of the fact that it was not actually a part of the record of the board of review? (2) Is sec. 71.115 (1) (a), Stats., enacted by the legislature at its special session in 1937, valid and constitutional?

The relevant facts, as to the procedural matters, are similar in all respects to those dealt with in *Louis Schuette v. Tax Comm.* and *Edwin Schuette v. Tax Comm., ante,* p. 574, 292 N. W. 9. This controversy, therefore, is ruled by the decision in the *Schuette Cases.*

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the determination of the Tax Commission.